1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10    LUMENTUM OPERATIONS LLC,

11                    Plaintiff,          CASE NO. 3:22-CV-5186-BHS-DWC

12          v.                            REPORT AND RECOMMENDATION

13    nLIGHT INC., et al.,                Noting Date: October 21, 2022

14                    Defendants.

15        The District Court referred this action to United States Magistrate Judge David W.

16    Christel. Dkt. 20. Presently before the Court is Defendants' nLIGHT, Inc., Dahv Kliner, and

17    Roger Farrow's Motion to Dismiss. Dkt. 17. After consideration of the relevant record, the Court

18    concludes Plaintiff's breach of contract claims (Counts III & IV) were filed beyond the four-year

19    statute of limitations. The Court, however, concludes Plaintiff's declaration of patent ownership

20    claim (Count II) is not untimely and Plaintiff has sufficiently stated a correction of inventorship

21    claim (Count I). Therefore, the undersigned recommends Defendants' Motion to Dismiss (Dkt.

22    17) be granted-in-part and denied-in-part as follows: Plaintiff's breach of contract claims be

23

24

REPORT AND RECOMMENDATION - 1

1   dismissed with prejudice and Plaintiff's correction of inventorship and declaration of patent

2   ownership claims proceed.

3   **I.       Background**

4        A. *Factual Background*

5        This dispute arises over Defendant nLIGHT's Adjustable Beam Patents and Triple-Clad

6   Fiber Patents. Dkt. 1. Plaintiff Lumentum Operations, LLC ("Lumentum") alleges Defendants

7   Dahv Kliner and Roger Farrow, employees of Lumentum's predecessor-in-interest, JDS

8   Uniphase Corporation ("JDSU"), breached Employee Proprietary Information and Inventions

9   Agreements ("EPIIA"). *See id.* at ¶¶ 701-29. Specifically, Lumentum asserts that Kliner and

10  Farrow entered into EPIIAs with JDSU when they began employment with JDSU. *Id.* at ¶¶ 23-

11  46. In September of 2012, Kliner left his employment with JDSU and began employment with

12  nLIGHT. *Id.* at ¶¶ 81-83. And, in March of 2013, Farrow left his employment with JDSU and

13  began employment with nLIGHT. *Id.* at ¶¶ 85-87. Lumentum contends Kliner solicited or

14  encouraged Farrow to terminate his employment with JDSU and obtain employment with

15  nLIGHT, in breach of Kliner's EPIIA. *Id.* at ¶ 84. Both Kliner and Farrow also allegedly

16  breached their EPIIAs when they took, used, and disclosed JDSU's proprietary information in

17  connection with their employment with nLIGHT. *See id.* at ¶¶ 1, 88. As a result of the alleged

18  breaches of the EPIIAs, nLIGHT created products and obtained patents based on JDSU's

19  Adjustable Beam Innovations and Triple-Clad Fiber Innovations. *Id.* ¶ 89.

20       Lumentum further alleges non-parties Martin Muendel and Wolfgang Gries, who were

21  JDSU employees during the relevant time, made significant contributions to the nLIGHT patents,

22  yet were not named as inventors on the patents. Lumentum states it is entitled to correction of

23  inventorship of the nLIGHT patents and publications. *Id.* at ¶¶ 652-71. Lumentum also seeks a

24

1   declaration of patent ownership as to each nLIGHT patent at issue. Lumentum contends that, by

2   virtue of Kliner's, Farrow's, Muendel's, and Gries's assignments of rights to Lumentum,

3   Lumentum has sole or partial ownership of the nLIGHT Adjustable Beam Patents and nLIGHT

4   Triple-Clad Fiber Patents. *Id*. at ¶¶ 672-700. Lumentum, therefore, seeks a declaration of patent

5   ownership as to the nLIGHT Adjustable Beam Patents and Triple-Clad Fiber Patents. *Id*. at ¶¶

6   694-97.

7           B.  *Procedural Background*

8           On June 8, 2022, Defendants filed a Motion to Dismiss asserting Counts II, III and IV of

9   the Complaint are untimely. Dkt. 17. Defendants also argue Count I should be dismissed for

10  failure to state a claim. *Id*. Lumentum filed its Response to the Motion to Dismiss on June 27,

11  2022. Dkt. 22. On July 1, 2022, Defendants filed their Reply. Dkt. 23. The Court heard oral

12  argument on September 13, 2022.

13  **II.    Standard of Review**

14          A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

15  relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be

16  able to conclude that the moving party is entitled to judgment as a matter of law, even after

17  accepting all factual allegations in the complaint as true and construing them in the light most

18  favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To

19  survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of

20  action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial

21  plausibility" when the party seeking relief "pleads factual content that allows the court to draw

22  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

23  *Iqbal*, 556 U.S. 662, 672 (2009). A court may grant dismissal based on the statute of limitations

24

1    "only if the assertions of the complaint, read with the required liberality, would not permit the

2    plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.

3    1999) (citation and quotation marks omitted). Although the Court must accept as true a

4    complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will

5    not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246,

6    1249 (9th Cir. 2007).

7    **III.    Discussion**

8       A.  *Statute of Limitations*

9       Defendants assert Plaintiff's breach of contract (Counts III & IV) and declaration of

10   patent ownership (Count II) claims are barred by the statute of limitations. Dkt. 17. California's

11   statute of limitations for a written contract is four years. Cal. Code Civ. Proc. § 337.[1] Generally,

12   a cause of action for breach of contract "accrues at the time of the breach" and the statute begins

13   to run "regardless of whether any damage is apparent or whether the injured party is aware of

14   their right to sue." *Perez–Encinas v. AmerUs Life Ins. Co.,* 468 F.Supp.2d 1127, 1134 (N.D. Cal.

15   2006).

16       Under California's "discovery rule," a breach of contract claim accrues when the plaintiff

17   "discovers or could have discovered, through the exercise of reasonable diligence, all of the facts

18   essential to his cause of action." *Id.* "In order to invoke [the delayed discovery exception] to the

19   statute of limitations the plaintiff must specifically plead facts which show (1) the time and

20   manner of discovery and (2) the inability to have made earlier discovery despite reasonable

21   diligence." *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 2008 WL 4544441, *8

22

23

---

24       [1] The parties do not dispute that California law applies to the breach of contract claims. *See* Dkts. 17, 22.

1    (N.D. Cal. Sept. 30, 2008) (quoting *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 296,

2    146 Cal.Rptr. 271 (Ct. App. 1978)).

3                    i.        Breach of Contract Claims (Counts III and IV)

4         In the Motion to Dismiss, Defendants contend the EPIIAs were breached in 2011. Dkt.

5    17. They assert that, if the Court finds the statute of limitations did not begin to run in 2011,

6    Lumentum was on notice of the breach of contract claim when the first nLIGHT patent

7    application was published in 2016. *Id*. During oral argument, Defendants also argued the statute

8    of limitations began to run in March 2013, when Farrow's employment at JDSU ended.

9         In Counts III and IV, Lumentum alleges Defendants Kliner and Farrow breached their

10    EPIIAs by: disclosing proprietary information to Defendant nLIGHT; failing to disclose and

11    describe to JDSU all company innovations; purporting not to assign to JDSU all of their rights,

12    titles, and interests in and to all company innovations; failing to disclose promptly in writing to

13    JDSU all innovations conceived, reduced to practice, created, derived, developed or made by

14    them in whole or in part during their employment and for three months after; and failing to

15    perform all acts necessary to permit and assist JDSU and/or Lumentum from obtaining and

16    enforcing the benefits, enjoyment, rights and title in and to the JDSU Adjustable Beam

17    Innovations and the JDSU Triple-Clad Fiber Innovations. Dkt. 1, ¶¶ 701-10, 716-25. Kliner is

18    also alleged to have breached his EPIIA by soliciting or encouraging Farrow to terminate his

19    employment with JDSU. *Id*. at ¶ 711.

20         The Complaint alleges Kliner failed to disclose his innovations while he was employed at

21    JDSU and/or for three months after his employment ended, breaching the EPIIA. *See id*. at ¶¶

22    584-85, 648-49. On September 10, 2012, Kliner resigned from JDSU to pursue another job

23    opportunity. *Id*. at ¶ 81. Kliner's last day of employment was September 21, 2012. *Id*. at ¶ 82.

24

1    Within a few weeks of resigning from JDSU, Kliner began working at nLIGHT as the Director

2    of Fiber Laser Product Development. *Id*. at ¶ 83. As the Complaint alleges Kliner breached the

3    EPIIA not later than three months after his employment with JDSU ended, the statute of

4    limitations began to run, at the latest, on December 21, 2012 -- three months after Kliner's

5    employment ended. The limitations period expired four years later, on December 21, 2016.

6    Lumentum initiated this lawsuit on March 25, 2022, more than five years after the statute of

7    limitations expired as to the breach of contract claim alleged against Kliner.

8        The Complaint alleges that Farrow breached his EPIIA when he failed to disclose his

9    innovations while he was employed with JDSU and/or for three months after his employment

10   ended. *See id*. at ¶¶ 586-87, 650-51. Farrow informed Muendel (his JDSU supervisor) on March

11   14, 2013 that he was resigning from his position to pursue other opportunities. *Id.* at ¶ 85.

12   Farrow's last day of employment with JDSU was on March 29, 2013. *Id*. at ¶ 86. Within weeks

13   of resigning from JDSU, Farrow began working for nLIGHT as a consultant and then as the

14   Senior Fiber Laser Engineer. *Id*. at ¶ 87. As the Complaint alleges Farrow breached the EPIIA no

15   later than three months after his employment with JDSU ended, the statute of limitations claim

16   began to run, at the latest, on June 29, 2013 – three months after Farrow's employment ended.

17   The statute of limitations expired four years later, on June 29, 2017. Lumentum initiated this

18   lawsuit on March 25, 2022, more than four and a half years after the statute of limitations

19   expired as to the breach of contract claim alleged against Farrow.

20       Additionally, Kliner and Farrow both began working at nLIGHT within weeks of ending

21   their employment with JDSU. After starting work at nLIGHT both Kliner and Farrow allegedly

22   took, used, and disclosed JDSU proprietary information in violation of their EPIIAs. Dkt. 1 at ¶

23   88. Thus, the Complaint alleges Kliner and Farrow violated their EPIIAs by sharing JDSU

24

proprietary information beginning in 2012 and 2013, respectively. And, Kliner solicited or encouraged Farrow to leave JDSU and join nLIGHT in 2013. Based on the allegations in the Complaint, the statute of limitations expired, at the latest, in 2017.

Lumentum has not alleged facts to show the delayed discovery rule, or any other tolling provision, is applicable in this case. *See* Dkt. 1. Lumentum has not specifically pled facts which show the time and manner of the discovery of the breach of contract claims or the inability to have made an earlier discovery despite reasonable diligence. Therefore, the delayed discovery rule does not extend the limitations period in this case. For the above stated reasons and based on the allegations in the Complaint, the breach of contract claims alleged against Kliner and Farrow are untimely.

Defendants argue that the statute of limitations for the breach of contract claims began to run in 2011 or 2013, but states that, if the Court is not inclined to find the statute of limitations began to run on those dates, Lumentum knew, or should have known, about the alleged breach of the EPIIAs when the first nLIGHT patent application was published in 2016. *See* Dkt. 17, p. 16. Lumentum asserts that Defendants' argument regarding whether Lumentum had constructive notice of the breach of contract claims is not a matter that can be decided on a motion to dismiss. Dkt. 22. Lumentum also contends that, even if it had constructive notice, the claims are still timely. *Id*.

The Court finds the allegations in the Complaint show Kliner and Farrow breached the EPIIAs in 2012 and 2013. The Court finds the delayed discovery rule is not applicable in this case. Moreover, there are no other allegations to show Lumentum did not, or could not have, discovered the breaches at that time or that any other tolling provisions would extend the statute of limitations. Therefore, the breaches of contract occurred, at the latest, in 2013 and a

1    determination as to whether Lumentum had constructive notice of the breach of contract claims

2    in 2016 is immaterial to this Court's determination. As such, the Court declines to consider

3    whether there are sufficient allegations in the Complaint to determine if Lumentum had

4    constructive notice of the breach of contract claims when the patent applications were published

5    or when the patents were issued.

6         Lumentum also asserts the statute of limitations does not bar the breach of contract

7    claims because there is a separate limitations period as to each breach of the EPIIAs relating to

8    each patent. Dkt. 22. An exception to the statute of limitations is the theory of continuous

9    accrual. *Aryeh v. Canon Bus. Sols. Inc.*, 55 Cal. 4th 1185, 1198 (2013). The continuous accrual

10   doctrine applies when separate, recurring invasions of the same right each trigger their own

11   statute of limitations, allowing recovery within an applicable period. *Id*. at 1192, 1198. It

12   generally applies when there is a "continuing or recurring obligation." *Id.* at 1199. The recovery

13   is limited to the injuries within the limitations period "preceding the suit." *Id.* California courts

14   have largely confined the application of the continuing accrual theory to "a limited category of

15   cases, including installment contracts, leases with periodic rental payments, and other types of

16   periodic contracts that involve no fixed or total payment amount." *Brodsky v. Apple Inc.*, 445 F.

17   Supp. 3d 110, 136 (N.D. Cal. 2020) (quoting *Lamont v. Time Warner, Inc.*, 2012 WL 6146681,

18   at *5 (C.D. Cal. Dec. 11, 2012)).

19        Lumentum contends that even if one patent ("the '783 Patent") was issued outside the

20   limitations period, Lumentum's breach of contract claims as to all the remaining patents are

21   timely. Dkt. 22, pp. 21-24. Lumentum did not allege multiple breach of contract claims; rather, it

22   alleged a single breach of contract claim against both Kliner and Farrow. Dkt. 1. The breach of

23   contract claims are centered on the alleged unlawful taking, use, and disclosure of Lumentum's

24

propriety information and pioneering innovations by Kliner and Farrow. Dkt. 1, ¶ 1. Lumentum

alleges Kliner and Farrow breached their EPIIAs by failing to notify JDSU of their innovations

created while at JDSU and within three months after their employment ended and took, used, and

disclosed proprietary information with nLIGHT. As a result of the breaches, nLIGHT was able to

create products and patents based on JDSU's innovations. In essence, Lumentum alleges Kliner

and Farrow breached a confidential relationship and a duty to care for Lumentum's proprietary

interests. *See* Dkt. 1. The conduct giving rise to the breach of contract claims occurred in 2012

and 2013. There are no allegations that the EPIIAs created a series of discrete obligations or had

specific provisions regarding the issuance of patents. Therefore, patents that were issued several

years after the alleged disclosure of propriety information does not invoke the continuous accrual

theory. *See Lamont*, 2012 WL 6146681 at \*4-5 (finding continuing accrual theory not applicable

where the plaintiff's breach of contract claim alleged the defendant disclosed the plaintiff's

technologies in breach of a non-disclosure agreement because the claim was a single breach with

continuing impact); *but see Int'l Bus. Machines Corp. v. Zachariades*, 70 F.3d 1278 (9th Cir.

1995) (finding separate limitations period applied to claims related to each patent).[2] Accordingly,

---

[2] *Zachariades* is a 1995 unpublished Ninth Circuit opinion. In *Zachariades*, the Ninth Circuit stated, in relevant part:

> [T]his case involves allegations of a series of continuing contractual violations based on Zachariades' procurement of seven distinct patents. Under California law, separate statute of limitations periods apply to continuing contractual violations. *See Singer v. Flying Tiger Line, Inc.*, 652 F.2d 1349, 1354 (9th Cir.1981), *overruled on other grounds by McNaughton v. Dillingham Corp.*, 707 F.2d 1042, 1048 (9th Cir.1983). We therefore conclude that a separate limitations period applies to IBM's claims relating to each patent.

70 F.3d. 1278. The Ninth Circuit uses the phrase "continuing contractual violations" which may be intended to apply the continuous accrual theory to find that each patent created a new statute of limitations. *Id*. But, the opinion provides no discussion or analysis on the continuous accrual theory. Further, it appears California courts have applied the continuous accrual theory in a more limited manner. *See Brodsky*, 445 F. Supp. 3d at 136. The current case is also distinguishable from *Zachariades*. Kliner and Farrow are alleged to have disclosed the same propriety information which led to multiple nLIGHT patents. The Ninth Circuit determined Zachariades procured seven distinct patents that were not based on disclosures of the *same* information. Therefore, the Court finds *Zachariades* is not instructive in this case.

1    the Court is not persuaded by Lumentum's argument that the breach of contract claims are timely

2    under the continuous accrual theory.

3        In conclusion, Lumentum filed this lawsuit more than four years after Kliner and Farrow

4    allegedly breached their EPIIAs. Lumentum has not pled facts to show any tolling provisions or

5    exceptions to the statute of limitations are applicable in this case. Therefore, the Court finds the

6    breach of contract claims alleged against Kliner and Farrow are untimely and recommends the

7    Motion to Dismiss as to Counts III and IV be granted.

8        ii.    Declaration of Patent Ownership Claim (Count II)

9        Defendants assert Lumentum's declaration of patent ownership claim (Count II) is

10   untimely for the same reasons that the breach of contract claims are untimely. Dkt. 17, pp. 20-21.

11   In Count II, Lumentum alleges that, under the EPIIAs, Kliner and Farrow assigned all their

12   rights, titles, and interests in and to the JDSU Adjustable Beam Innovations and JDSU Triple-

13   Clad Fiber Innovations to JDSU. Dkt. 1, pp. 129-30. Lumentum contends the nLIGHT

14   Adjustable Beam Patents and nLIGHT Triple-Clad Fiber Patents contain at least one claim

15   reciting one or more of JDSU's innovations. *Id*. Lumentum also alleges Muendel made

16   contributions to the nLIGHT Adjustable Beam Patents and both Muendel and Gries made

17   contributions to the nLIGHT Triple-Clad Fiber Patents and should be added as inventors on the

18   patents. *Id*. at p. 130. Lumentum contends that, based on assignments by Muendel, Gries, Kliner,

19   and Farrow, Lumentum has sole or partial ownership of the nLIGHT Adjustable Beam Patents

20   and nLIGHT Triple-Clad Fiber Patents. *Id*. at p. 131. Lumentum seeks a declaration that it is the

21   sole or partial owner to the patents and publications in question and requests nLIGHT be ordered

22   to take all necessary actions to change the inventorship designations. *Id*. at pp. 131-32.

23

24

1    Defendants contend that, because Count II is based on Kliner's and Farrow's failure to

2    assign the rights to Lumentum under the EPIIA, this is a breach of contract claim which

3    Lumentum was on notice of no later than December 2017. Dkt. 17, p. 20. While Count II

4    references the EPIIAs, Count II is not a breach of contract claim. Rather, Lumentum is seeking a

5    declaration and correction regarding Lumentum's ownership interests in the nLIGHT Adjustable

6    Beam Patents and nLIGHT Triple-Clad Fiber Patents. Therefore, the Court is not persuaded by

7    Defendants' argument that Count II is untimely and recommends the Motion to Dismiss be

8    denied as to Count II.[3]

9        B.    *Failure to State a Claim (Count I)*

10    Last, Defendants assert Lumentum's correction of inventorship claim (Count I) should be

11    dismissed for failure to state a claim. Dkt. 17, pp. 21-26. As a general matter, patents must list all

12    the inventors. *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002).

13    "Conception is the touchstone of invention, and it requires a definite and permanent idea of an

14    operative invention, including *every feature* of the subject matter sought to be patented." *In re*

15    *VerHoef*, 888 F.3d 1362, 1366 (Fed. Cir. 2018) (internal quotation marks and citation omitted).

16    A definite and permanent idea exists "when the inventor has a specific, settled idea, *a particular*

17    *solution* to the problem at hand, not just a general goal or research plan." *Id.* (citation omitted).

18    For an invention to have co-inventors, the co-inventors "need not 'physically work together

19    or at the same time,' 'make the same type or amount of contribution,' or 'make a contribution to

20    the subject matter of every claim of the patent.'" *Vapor Point LLC v. Moorhead*, 832 F.3d 1343,

21    1349 (Fed. Cir. 2016) (quoting 35 U.S.C. § 116). Rather, a joint inventor must:

22    

23    ────────────────

24    [3] As Defendants assert only a conclusory argument that Count II is untimely for the same reasons the breach of contract claims are untimely, the Court will not further analyze Count II.

1    (1) contribute in some significant manner to the conception or reduction to practice
     of the invention, (2) make a contribution to the claimed invention that is not
2    insignificant in quality, when that contribution is measured against the dimension of
     the full invention, and (3) do more than merely explain to the real inventors well-
3    known concepts and/or the current state of the art.

4    *In re VerHoef*, 888 F.3d at 1366 (quoting *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed Cir.

5    1998)).

6         The issuance of a patent "creates a presumption that the named inventors are the true and

7    only inventors." *Ethicon Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998).

8    However, "a person who alleges that he is a co-inventor of the invention claimed in an issued

9    patent who was not listed as an inventor on the patent may bring a cause of action to correct

10   inventorship in a district court under 35 U.S.C. § 256." *Vapor Point LLC*, 832 F.3d at 1348

11   (internal quotations omitted). To overcome the presumption of correctness, the alleged co-

12   inventor(s) "must prove their contribution to the conception of the claims by clear and convincing

13   evidence," *Ethicon*, 135 F.3d at 1461, "and must provide evidence to corroborate the alleged joint

14   inventor's conception," *Eli Lilly & Co.*, 376 F.3d at 1362. To survive a motion to dismiss, a

15   plaintiff must allege factual content that allows the court to draw a reasonable inference that the

16   plaintiff contributed to the conception of the claimed inventions. *Beco Dairy Automation, Inc. v.*

17   *Glob. Tech Sys., Inc.*, 2015 WL 925588, at *5 (E.D. Cal. Mar. 3, 2015).

18        Here, the Complaint alleges Muendel and Gries were both employees of JDSU and

19   worked on JDSU's Adjustable Beam Innovations and Triple-Clad Fiber Innovations. *See e.g.*

20   Dkt. 1, ¶¶ 3, 59-64, 66, 67, 74. For example, the Complaint states Kliner and Muendel were joint

21   inventors of a JDSU patent that included certain embodiments of the JDSU Adjustable Beam

22   Innovations. *Id*. at ¶ 67. And, Kliner and Muendel discussed, refined, and developed various

23   aspects of the JDSU Adjustable Beam Innovations. *Id*. at ¶¶ 69-70. Muendel, Kliner, Farrow, and

24

1    Gries "conceived, developed, and reduced to practice a triple-clad fiber system that could handle

2    increased power levels of 'Gen 2' laser fibers." *Id*. at ¶ 74. Further, Kliner and Gries "drafted and

3    presented a formal proposal for moving the double-clad fiber to triple-clad fiber." *Id.* at ¶ 76. The

4    Complaint alleges Gries and/or Muendel contributed in a significant manner to the conception

5    and reduction to practice of the JDSU Adjustable Beam Innovations and the JDSU Triple-Clad

6    Fiber Innovations. *See e.g. id*. at ¶¶ 101, 632, 635. Lumentum has identified each patent in

7    question, has stated that the inventors on the patents are Kliner and/or Farrow and/or other

8    inventors, and the patents are based on JDSU's Adjustable Beam Innovations or JDSU's Triple-

9    Clad Fiber Innovations, to which Muendel and Gries contributed.

10        While not the model of clarity or detail, the Court finds the Complaint contains sufficient

11    factual content that allows the Court to draw a reasonable inference that Muendel and Gries

12    contributed in some significant manner to the conception or reduction to practice of nLIGHT's

13    Adjustable Beam Patents and Triple-Clad Fiber Patents and that their contributions were not

14    insignificant in quality. Moreover, Defendants are clearly on notice of the extent of Lumentum's

15    claims. Thus, the Complaint is sufficient to survive a motion to dismiss. Therefore, the Court

16    recommends the Motion to Dismiss be denied as to Count I.

17    **IV.    Conclusion**

18        For the foregoing reasons, the Court recommends Defendants' Motion to Dismiss (Dkt.

19    17) be granted-in-part and denied-in-part. The Court recommends Counts III and IV be

20    dismissed as untimely and Counts I and II proceed in this case. As Lumentum has not shown it

21    can plead facts to cure the deficiency resulting from its untimely filing of the breach of contract

22    claims, the Court recommends Counts III and IV be dismissed with prejudice.

23

24

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

3  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

5  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

7  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

8  October 21, 2022, as noted in the caption.

9    Dated this 30th day of September, 2022.

10

11

David W. Christel
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 14