UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUMENTUM OPERATIONS LLC,<br><br>    Plaintiff,<br><br>   v.<br><br>NLIGHT, INC.; DAHV KLINER; and ROGER L. FARROW,<br><br>    Defendants. | CASE NO. C22-5186 BHS-DWC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 26, Plaintiff Lumentum Operation LLC's Objections to the R&R, Dkt. 27, and Defendants nLIGHT, Inc, Dahv Kliner, and Roger Farrow's Motion to Dismiss, Dkt. 17.[1]

//

//

//

//

---

[1] Lumentum requests oral argument on its objections to the R&R. Because the Court can rule on the objections without oral argument, this request is DENIED.

## I. DISCUSSION

**A. Standard of Review**

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected.[2] The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum"). As courts in other Districts have recognized and explained, such re-litigation is not an efficient use of judicial resources.

---

[2] The facts are set forth in the R&R and need not be repeated.

There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

**B.  Lumentum's Breach of Contract Claims.**

Judge Christel recommends that the Court grant Defendants' motion to dismiss insofar as it seeks dismissal of Lumentum's breach of contract claims (Counts III and IV), concluding that Lumentum failed to file these claims within the applicable statutory limitations periods. Dkt. 26 at 5–10. He also recommends that the Court dismiss these claims with prejudice because Lumentum did not show that it could plead facts to cure this deficiency. *Id.* at 13. Lumentum objects, asserting that the R&R does not properly address all of its breach of contract claims. Dkt. 27 at 5–7. Lumentum also contends that the Court should not dismiss these claims with prejudice because Lumentum can allege

ORDER - 3

facts demonstrating that the discovery rule applies to toll the applicable statutory limitations periods. *Id.* at 16.

"A statute-of-limitations defense may be raised in a Rule 12(b)(6) motion only if the running of the statute is apparent on the face of the complaint." *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 782 (D. Ariz. 2019) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the court's task is only to determine whether the claimant has pleaded facts that show it is time barred." *Id.* Courts may grant such a motion when the complaint cannot be read, with the required liberality, to permit the plaintiff to prove that the statutory limitations period has not run because it was tolled. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In California, the statutory limitations period applicable to the breach of a written contract is four years. Cal. Code Civ. Proc. § 337.[3] Generally, "[a] cause of action for breach of contract accrues at the time of the breach of contract, and the statute of limitations begins to run at that time regardless of whether any damage is apparent or whether the injured party is aware of his right to sue." *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citing *Niles v. Louis H. Rapoport & Sons*, 53 Cal. App. 2d 644, 651 (1942); *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187 (1971)).

---

[3] The parties agree that California law applies to Lumentum's breach of contract claims. Dkt. 17 at 13; Dkt. 22 at 12–13.

However, "California law allows tolling of the statute of limitations under the discovery rule." *In re Conseco Ins. Co. Annuity Mktg. & Sales Pracs. Litig.*, No. C-05-04726 RMW, 2008 WL 4544441, at *8 (N.D. Cal. Sept. 30, 2008). Under this rule, "a cause of action accrues when the plaintiff discovers or could have discovered, through the exercise of reasonable diligence, all of the facts essential to his cause of action." *Perez-Encinas*, 468 F. Supp. 2d at 1134 (citing *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 826 (1983)). "In order to invoke this special defense to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *In re Conseco Ins. Co.*, 2008 WL 4544441, at *8 (quoting *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 297 (1978)). Thus, when a "plaintiff has failed to state facts showing that discovery could not have been accomplished at an earlier date," the plaintiff is not entitled to invoke the discovery rule. *Saliter*, 81 Cal. App. 3d at 297.

The R&R concludes that Lumentum alleged a single breach of contract claim against both Kliner and Farrow, and not multiple such claims. Dkt. 26 at 8. Lumentum objects, asserting that it alleges numerous breach of contract claims against both Kliner and Farrow. Dkt. 27 at 5–7. Specifically, Lumentum asserts that both Kliner and Farrow breached sections 3, 6, 7, and 9 of their Employee Proprietary Information and Invention Agreements. *Id.*

Regardless of whether Lumentum alleges a single breach of contract claim or multiple breach of contract claims against both Kliner and Farrow, Judge Christel correctly concludes that these claims are time barred. As Judge Christel explains, "[t]he

breach of contract claims are centered on the alleged unlawful taking, use, and disclosure of Lumentum's proprietary information and pioneering innovations by Kliner and Farrow." Dkt. 26 at 8–9.

Section 3 of the Agreements prohibits Kliner and Farrow from disclosing any "Proprietary Information" to anyone outside JDS Uniphase Corporation. Dkt. 1, ¶¶ 29, 43. Lumentum alleges that Kliner and Farrow "breached Section 3 by using [JDS Uniphase] Proprietary Information 'to assist nLIGHT in developing fiber laser products that nLIGHT now makes, uses, offers for sale, sells, and/or inports.'" Dkt. 27 at 6 (quoting Dkt. 1, ¶ 89). The complaint also specifies that "after starting work at nLIGHT, Kliner and Farrow used and disclosed [JDS Uniphase] Proprietary Information in violation of their [Agreements]." Dkt. 1, ¶ 88.

Kliner's last day of employment at JDS Uniphase was on September 21, 2012, and, within weeks of that date, he started working at nLIGHT. *Id.* ¶¶ 82, 83. Additionally, Farrow's last day of employment at JDS Uniphase was on March 29, 2013, and, within weeks of that date, he started working at nLIGHT. *Id.* ¶¶ 86, 87. The complaint also alleges that nLIGHT first filed an application for any of the patents at issue on May 26, 2017. *Id.* ¶ 92. Based on these factual allegations, Kliner improperly used and disclosed JDS Uniphase's proprietary information beginning sometime between September 2012 and May 26, 2017, and Farrow did so beginning sometime between March 2013 and May 26, 2017. Therefore, the statutory limitations period on these claims expired, at the latest,

in 2021.[4] Because Lumentum filed its complaint in March 2022, these claims are time barred.

Lumentem also alleges that Kliner and Farrow violated section 6 of their Agreements. This section, which Kliner and Farrow agreed to at the start of their employment with JDS Uniphase, *id.* ¶ 2, provides that Kliner and Farrow "hereby irrevocably do[] and will assign to [JDS Uniphase] or [JDS Uniphase]'s designee all [their] right[s], title[s], and interest[s] in and to any and all Company Innovations," *id.* ¶¶ 32, 43. "Company Innovations" are defined as "[i]nnovations that [employees], solely or jointly with others, conceive[], develop[] or reduce[] to practice *during [their] employment with Company* that [they] ha[ve] been hired to invent either specifically or in general in [their] area of employment with the Company." *Id.* ¶ 30 (emphasis added).

Lumentum contends that Kliner and Farrow breached section 6 of their Agreements by failing to assign to Lumentum their interests in various patents that were assigned to nLIGHT years after Kliner and Farrow stopped working at JDS Uniphase. Dkt. 27 at 5–6, 9–13; Dkt. 1, ¶ 92. It is not clear from Lumentum's objections to the R&R what interests, exactly, Kliner and Farrow currently have in these patents. In any event, as Defendants persuasively argue, "to assert any breach at all" of section 6 of the Agreements, "the innovations necessarily must have existed while Kliner and Farrow were [JDS Uniphase] employees, a period that ended in 2012 and 2013." Dkt. 29 at 7. As

---

[4] Lumentum asserts that California extended its statutory limitation periods in 2020 by 178 days due to the COVID-19 pandemic. Dkt. 27 at 10 n.4 (citing *Timboe v. Clark*, No. 3:20-CV-08719-WHO, 2022 WL 991721, at *4 (N.D. Cal. Mar. 31, 2022)). Assuming this is true, Lumentum's claims regarding section 3 of the Agreements expired, at the latest, in November 2021.

a result, the statutory limitations periods on these claims expired at the latest in 2016 and 2017, respectively.

Section 6 of the Agreements also required Kliner and Farrow to "*promptly disclose* and describe to [JDSU Uniphase] all Company Innovations," Dkt. 1, ¶¶ 30, 43 (emphasis added), and, more specifically, section 7 required them to "*disclose promptly* in writing to Company all Innovations conceived, reduced to practice, created, derived, developed, or made by [them] in whole or in part *during the term of* [*their*] *employment and for three (3) months thereafter*," id. ¶ 34 (emphasis added).

Kliner was last employed at JDS Uniphase in September 2012, and Farrow last worked there in March 2013. *Id.* ¶¶ 82, 86. Because Kliner and Farrow were required to *promptly* disclose any Company Innovations conceived either during their employment or three months thereafter, any breach of sections 6 or 7 of the Agreements occurred, at the latest, in June 2013. Accordingly, the statutory limitation periods for these claims expired in June 2017. Because Lumentum filed its complaint in March 2022, these claims are time barred.

Lumentum also claims that Kliner and Farrow breached section 9 of their Agreements. This section provides that Kliner and Farrow agree "to perform, *during* and after [their] employment, all acts that Company deems necessary or desirable to permit and assist Company, at its expense, in obtaining and enforcing the full benefits, enjoyments, rights and title throughout the world in the Company Innovations or any other Innovations as provided to Company under this Agreement." Dkt. 1, ¶¶ 35, 45 (emphasis added). However, as Defendants note, Lumentum "does not identify any 'act'

that it requested of either Kliner or Farrow and that either failed to perform in breach of" this section. Dkt. 29 at 9. Therefore, Lumentum fails to state a plausible claim that Kliner and Farrow breached section 9 of their Agreements.

Judge Christel also correctly concludes that Lumentum's claim that Kliner breached section 13 of his Agreement is time barred. This section provided that Kliner would not "solicit, encourage, or cause others to solicit or encourage any employees, consultants or contractors of Company Group to terminate their employment with, diminish their relationship with or cease providing services to Company Group." Dkt. 1, ¶ 36. Lumentum alleges Kliner breached this section by soliciting or encouraging Farrow to terminate his employment with JDS Uniphase and apply for a position at nLIGHT. *Id.* ¶ 84. Again, Farrow commenced work a nLIGHT "within weeks" of when he quit his job at JDS Uniphase on March 29, 2013. *Id.* ¶¶ 86, 87. Accordingly, the statutory limitations period for this claim expired in March 2017 and the claim is time barred.

Lumentum next asserts that "the R&R cites no support for why the delayed discovery rule . . . is not applicable in this case." Dkt. 27 at 16. However, the R&R correctly explains that, "[i]n order to invoke [the delayed discovery exception] to the statute of limitations the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Dkt. 26 at 4 (quoting *In re Conseco Ins. Co.*, 2008 WL 4544441, at \*8). The R&R also explains that "Lumentum has not alleged facts to show the delayed discovery rule, or any other tolling provision, is applicable in this case." *Id.* at 7. Because Lumentum fails to cite to any such factual allegations in its objections to the R&R, the

1    Court agrees that Lumentum is not entitled to invoke the discovery rule or equitable
2    tolling.

3           Finally, Lumentum contends that the R&R improperly recommends dismissal of
4    its breach of contract claims with prejudice. Dkt. 27 at 15–16. The R&R concludes that,
5    because "Lumentum has not shown it can plead facts to cure the deficiency resulting
6    from its untimely filing of the breach of contract claims, the Court recommends Counts
7    III and IV be dismissed with prejudice." Dkt. 26 at 13. Lumentum asserts that it can, in
8    fact, cure this deficiency because it was not aware of any misconduct alleged in the
9    complaint more than four years before it filed its complaint. Dkt. 27 at 16. It also claims
10   that it "had no reason to suspect that Defendants would engage in any of the alleged
11   conduct and no reason to try to investigate their activities." *Id.*

12          On a 12(b)(6) motion, "a district court should grant leave to amend even if no
13   request to amend the pleading was made, unless it determines that the pleading could not
14   possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal.*
15   *Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in
16   dispute, and the sole issue is whether there is liability as a matter of substantive law, the
17   court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

18          To reiterate, to invoke the discovery rule, "the plaintiff must specifically plead
19   facts which show (1) the time and manner of discovery and (2) the inability to have made
20   earlier discovery despite reasonable diligence." *In re Conseco Ins. Co.*, 2008 WL
21   4544441, at *8 (quoting *Saliter*, 81 Cal. App. 3d at 297). Lumentum's complaint fails to
22   satisfy both of these prongs. However, the Court declines to rule that the complaint

cannot possibly be cured by the allegation of other facts. Accordingly, the Court DECLINES to adopt the R&R insofar as it recommends that Counts III and IV be dismissed with prejudice and Lumentum is granted leave to file an amended complaint. Lumentum may file an amended complaint by January 27, 2023.

**C.     Lumentum's Correction of Inventorship and Declaration of Patent Ownership Claims.**

Judge Christel recommends that the Court deny Defendants' motion to dismiss Lumentum's correction of inventorship claim (Count I) and declaration of patent ownership claim (Count II). Dkt. 26 at 10–14. Defendants do not object to this recommendation. Therefore, the R&R is ADOPTED as to these two claims and Defendants' motion to dismiss is DENIED in part.

## II.   ORDER

The Court, having considered the R&R, Lumentum's objections, and the remaining record, does hereby order as follows:

(1)   The R&R is **ADOPTED in part and DECLINED in part**;

(2)   Lumentum's objections to the R&R, Dkt. 27, are **OVERRULED in part and SUSTAINED in part**;

(3)   Defendants' Motion to Dismiss, Dkt. 17, is **GRANTED in part and DENIED in part**;

(4)   Lumentum's breach of contract claims (Counts III and IV) are **DISMISSED without prejudice**;

(5)   Lumentum may file an amended complaint by **January 27, 2023**; and

(6) The referral to Judge Christel is **TERMINATED**.

Dated this 6th day of January, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 12