The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUMENTUM OPERATIONS LLC,

Plaintiff,

v.

NLIGHT, INC.; DAHV KLINER; and ROGER L. FARROW,

Defendants.

CASE NO. 3:22-CV-05186-BHS

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties—plaintiff Lumentum Operations LLC ("Lumentum") and defendants nLIGHT, Inc. ("nLIGHT"), Dahv Kliner and Roger L. Farrow—hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or

items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

i. Documents and tangible things concerning inventory;

ii. Documents concerning employment, including employment agreements;

iii. Lumentum's internal communications, to the extent not "ATTORNEYS' EYES ONLY" material;

iv. nLIGHT's internal communications, to the extent not "ATTORNEYS' EYES ONLY" material; and

v. Documents and tangible things designated as confidential in any prior litigation and/or action.

3. <u>"ATTORNEYS' EYES ONLY" MATERIAL</u>

"Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged:

i. Documents and tangible things concerning sales, profits, losses, income, expenditures, costs, or other non-public financial information;

ii. Documents and tangible things concerning the design of Lumentum's products and related technologies;

iii. Documents and tangible things concerning the design of nLIGHT's products and related technologies;

iv. Documents and tangible things concerning the research and development of Lumentum's products and related technologies;

v. Documents and tangible things concerning the research and development of nLIGHT's products and related technologies;

vi. Documents and tangible things identifying customers and/or suppliers, current competitive business and strategic plans, and future oriented sales and financial projections, future oriented marketing plans;

vii. Lab notebooks;

viii. Agreements concerning licensing of intellectual property, manufacturing, sourcing, and/or product development;

ix. Documents concerning pending patent applications;

x. Source selection information and contractor bid and proposal information;

xi. Settlement agreements;

xii. Documents and tangible things concerning Lumentum's trade secrets; and

xiii. Documents and tangible things concerning nLIGHT's trade secrets.

4. SCOPE

The protections conferred by this agreement cover not only Confidential material and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from Confidential and/or Attorneys' Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential and/or Attorneys' Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential and/or Attorneys' Eyes Only material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1 Basic Principles. A receiving party may use Confidential and/or Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to five individuals who are officers, directors, or employees (including in house counsel) of the receiving party and to whom disclosure is reasonably necessary for this litigation. Lumentum and nLIGHT shall each identify individuals under this Paragraph 5.2(b) by providing to the designating party the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) of an individual who qualifies under this Paragraph 5.2(b), provided that:

(i) prior to disclosure to any such individual, the receiving party provides written notice to the designating party of the name of the person; the title of the person; a description of the job responsibilities, and a copy of the person's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(ii) a period of seven days elapses from the date of the written notice described in Paragraph 5.2(b)(i) without objection from the designating party. If the designating party objects to disclosure to the identified individual within the seven-day period, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the written notice described in Paragraph 5.2(b)(i) to move the Court for an order denying the disputed person access to Confidential and/or Attorneys' Eyes Only material. Such motion must be noted for consideration no earlier or later than the second Friday after filing and service of the motion. The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely making of such a motion, no disclosure of Confidential

or Attorneys' Eyes Only material shall be made to the disputed person unless and until the Court enters an order allowing such disclosure;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that:

(i) prior to disclosure to any such expert or consultant, the receiving party provides written notice to the designating party of the name of the person; the present employer and title of the person; a current curriculum vitae of the person; a list of current and past consulting relationships the person has undertaken within the last four years; and a copy of the person's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(ii) a period of seven days elapses from the date of the written notice described in Paragraph 5.2(c)(i) without objection from the designating party. If the designating party objects to disclosure to the identified expert or consultant within the seven-day period, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the written notice described in Paragraph 5.2(c)(i) to move the Court for an order denying the disputed person access to Confidential and/or Attorneys' Eyes Only material. The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely making of such a motion, no disclosure of Confidential or Attorneys' Eyes Only material shall be made to the disputed person unless and until the Court enters an order allowing such disclosure;

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) the individually named Defendants, Dahv Kliner and Roger Farrow, for any information and documents that both (1) reflect one or more features of the JDSU Adjustable Beam or JDSU Triple-Clad Fiber Innovations, as defined in the Complaint; and (2) were created during their time of employment at JDSU.

5.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Attorneys' Eyes Only material only to:

(a) The individuals identified in paragraph 5.2(a), (c)-(g), above;

(b) One in-house counsel for each of Lumentum and nLIGHT, provided, however, that no person may have access to Attorneys' Eyes Only information if that person provides substantive input on the prosecution of patent applications directed to kW fiber lasers or makes competitive business decisions with respect to kW fiber lasers. Lumentum and nLIGHT shall each identify its one in-house counsel under this Paragraph 5.3(b) by providing to the designating party the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) of an individual who qualifies under this Paragraph 5.3(b), provided that

(i) prior to disclosure to any such individual, the receiving party provides written notice to the designating party of the name of the person; the title of the person;

a description of the job responsibilities, and a copy of the person's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(ii) a period of seven days elapses from the date of the written notice described in Paragraph 5.3(b)(i) without objection from the designating party. If the designating party objects to disclosure to the identified individual within the seven-day period, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the written notice described in Paragraph 5.3(b)(i) to move the Court for an order denying the disputed person access to Confidential and/or Attorneys' Eyes Only material. The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely making of such a motion, no disclosure of Confidential or Attorneys' Eyes Only material shall be made to the disputed person unless and until the Court enters an order allowing such disclosure;

(c) The individually named Defendants, Dahv Kliner and Roger Farrow, for any information and documents that both (1) reflect one or more features of the JDSU Adjustable Beam or JDSU Triple-Clad Fiber Innovations, as defined in the Complaint; and (2) were created during their time of employment at JDSU.

5.4 Filing Confidential or Attorneys' Eyes Only Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks

permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6. DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 6.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

the designating party must affix the term "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential or Attorneys' Eyes Only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected (Confidential or Attorneys' Eyes Only) testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only. Unless and until any dispute over such designation is resolved in a manner that removes the destination, the designated portions of the transcript or exhibits thereto shall be treated as Confidential or Attorneys' Eyes Only, as applicable. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the term "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Attorneys' Eyes Only until the court rules on the challenge.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES' ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys' Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or

agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all Confidential and Attorneys Eyes' Only material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Confidential or Attorneys' Eyes Only material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 8, 2024

/s/ *Joel D. Sayres*
Attorneys for Plaintiff

DATED: January 8, 2024

/s/ *Scott A. Fleder*
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 9th day of January, 2024.

BENJAMIN H. SETTLE
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________ [print or type full name], of ________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Lumentum Operations LLC v. nLIGHT, Inc., et al.*, No. 3:22-CV-05186-BHS (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:______________________

City and State where sworn and signed:_________________________

Printed name:________________

Signature: __________________