UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUMENTUM OPERATIONS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> NLIGHT, INC., DAHV KLINER, and ROGER FARROW, <br><br> Defendant. | CASE NO. C22-5186 BHS <br><br> ORDER |

THIS MATTER is before the Court on the parties' Joint Rule 37 Submission for Expedited Ruling on Communications with Counsel, Dkt. 91.

Plaintiff Lumentum Operations is the successor to JDS Uniphase (JDSU), which formerly employed defendants Dahv Kliner and Roger Farrow. Lumentum alleges that Kliner and Farrow breached their JDSU employment agreements ("EPIIAs") by sharing JDSU's proprietary fiber laser information with their new employer, defendant nLIGHT. Lumentum sued in 2022, asserting breach of contract claims against Kliner and Farrow, and correction of inventorship and declaration of patent ownership claims against nLIGHT. Dkt. 1.

ORDER - 1

In discovery, nLIGHT produced a portion of a 2014 email Dahv Kliner sent to an nLIGHT employee, Lynn Sheehan, about his communications with his attorney:

> 5. I have held several meetings with an outside attorney to ensure that our activities don't violate my contracts with JDSU and nLIGHT to protect JDSU's proprietary information. In particular:
>    a. I haven't disclosed any proprietary information.
>    b. I've made sure that any direction I've given the engineers derives from publically accessible documents.
>    c. When nLIGHT engineers have developed technologies that may overlap with JDSU proprietary information, I haven't read or discussed the IDFs.
>
> Dahv

Dkt. 91-2 at 2.

Lumentum's counsel inquired persistently about this email, and about Kliner's conversations with his own attorney, at Kliner's April 19–20, 2024 deposition. Kliner confirmed that he had more than 10 but fewer than 100 conversations with counsel about his employment contracts with his former and his new employer. Counsel repeatedly asked about the explicit content of those conversations, and Kliner's counsel in this case properly and predictably instructed him not to answer. *See* Dkts. 91-3 and 91-4.

On May 1, 2024, Lumentum's counsel sent nLIGHT"s counsel a letter asserting that Kliner's email and testimony had waived the attorney client privilege:

> By producing evidence and by providing testimony that not only suggests, but explicitly states, that Mr. Kliner sought advice from an attorney regarding his compliance with his EPIIA, Mr. Kliner has waived any and all claims to privilege.

Dkt. 91-7 (citing *Lexington Ins. Co. v. Swanson, No*. C05-1614MJP, 2007 WL 2121730, at *2 (W.D. Wash. July 24, 2007)).

nLIGHT disagreed, and asserted both that Lumentum's effort to breach the privilege by repeatedly asking about privileged communications had failed and that its

reliance on *Lexington* was misplaced. Dkt. 91-8. It argues here that disclosing the fact that privileged communications occurred, and even that certain subjects were discussed, is not an express waiver. Dkt. 91 at 14 (citing *Roberts v. Legacy Meridian Park Hosp. Inc.*, 97 F. Supp. 3d 1245, 1252-56 (D. Or. 2015)).

The Court agrees with nLIGHT. First, Kliner did not expressly waive the privilege by producing[1] the redacted email, or through his limited responses to Lumentum's repeated inquiries into the substance of the privileged communications. Lumentum does not strenuously contend that he did.

Instead, it argues, as it did in its letter, that one who asserts reliance on counsel as a defense waives the privilege and must disclose the substance of the communications supporting (or refuting) the defense. Dkts. 91-7 at 3 and 91 at 8 (citing *Lexington*). But as Lumentum's letter concedes, an implied waiver applies only where the one asserting the privilege also asserts privileged communications as a defense to a claim:

> If Lexington asserts as a defense the actual advice given by Lexington's attorneys to Lexington, *or* if Lexington refers to or attempts to put into evidence any suggestion that Lexington's adjusters sought, obtained, or relied on coverage counsel's advice, Lexington waives the privilege. Therefore, Lexington may not refer to or proffer any evidence regarding any advice given by Lexington's attorneys, or regarding any involvement those attorneys may have had in counseling Lexington's adjusters. Likewise, Lexington's experts may not testify regarding the *fact* that Lexington's adjusters sought, obtained, and/or relied on advice from coverage counsel.

Dkt. 91-7 at 3 (quoting *Lexington* at *4).

---

[1] nLIGHT produced the email, not Kliner, but it is not a waiver in any event.

1    nLIGHT's response accurately asserted that the attorney client privilege is

2  impliedly waived only where

3    (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would deny the opposing party access to information vital to his defense.

6  Dkt. 9-18 at 2 (citing *Pappas v. Holloway*, 114 Wn.2d 198, 207 (1990)).

7    Lumentum argues that Kliner put his legal advice "at issue" by implying in his deposition that his attorney had "blessed" his conduct. It asserts that Kliner is seeking to improperly use the privilege as both a sword and a shield. Dkt. 91 at 8 (citing *Chevron Corp. v. Pennzoil Co*. 974 F.2d 1156, 1162 (9th Cir. 1992)).

11    But neither the email nor Kliner's testimony in response to questions seeking privileged communications put the legal advice he sought and obtained "at issue." He answered questions put to him by Lumentum's counsel; he is not asserting the advice he obtained as a defense to Lumentum's breach of contract claim against him. He *cannot*; advice of counsel is not a defense to a breach of contract claim, any more than Lumentum's breach of contract claim is advanced by its stated intention to prove that Kliner "knowingly" breached his EPIIA. *See* Dkt. 91 at 10. Intent is simply not an element of a breach of contract claim, and evidence that the alleged breacher did not consult counsel is not relevant.

20    Lumentum cannot put Kliner's privileged communications "at issue" by asking him about them, or by seeking to prove that he knowingly misappropriated JDSU's technology even after seeking legal advice about his contract and his conduct. This is not

a close call. Kliner did not impliedly waive his attorney client privilege by responding to discovery asking whether he consulted counsel and exactly what was said.

It gets a little murkier, though, because Kliner also suggests that he reserves the right to testify that he *did* talk to an attorney, to rebut any Lumentum argument that he "took no steps to ensure that he complied with his contractual obligations to JDSU." Dkt. 91 at 13.

The Court appreciates that the parties utilized the Rule 37 procedure and they have efficiently presented this issue. But the issue is, or at least should be, a red herring. Lumentum does not need to prove that Kliner took no steps to meet his contractual obligations, or that he knew what he was doing was a breach of his EPIIA, to prevail on its claim. Kliner has not waived the privilege, and Lumentum can't make him waive it by arguing or providing evidence that he did not talk to an attorney about the contract or the conduct.

The Court agrees with Lumentum that the "easiest"—and most appropriate—resolution is "an order or stipulation that **no party will refer to anyone consulting with an attorney or not consulting with an attorney.**" Dkt. 91 at 22**.** That is what the *Lexington* court wisely did, in a different context.

This is such an Order. The parties may modify it by a better-informed, more specific stipulation, consistent with the Court's ruling. For now, the Court will sustain any objection to testimony or argument about the consultation of counsel.

**IT IS SO ORDERED**.

\\

1    \\

2    Dated this 11th day of July, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 6