The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| LUMENTUM OPERATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>NLIGHT, INC.; DAHV KLINER; and ROGER L. FARROW,<br><br>Defendants. | CASE NO. 3:22–cv–05186–BHS<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL (DKT. NO 146) CERTAIN DOCUMENTS ASSOCIATED WITH DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGEMENT |

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendants nLIGHT, Inc, Dahv Kliner and Roger L. Farrow (collectively "Defendants") submit this Reply in support of their Motion to Seal (Dkt. 146). Plaintiff indicated during a meet and confer on August 27, 2024 that it would not agree to unseal Exhibit 7 to the Felder Declaration. Although Defendants did not oppose the release of Exhibit 7 to the Felder Declaration in their Motion to Seal, Defendants recognized that Exhibit 7 contains proprietary information that Plaintiff does not want made public. Plaintiff has since filed its Response to Defendants' Motion to Seal, asserting its basis for protecting Exhibit 7 from disclosure. Based on this, Defendants do not oppose maintaining the entirety of Exhibit 7 under seal.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL CERTAIN DOCUMENTS OF THEIR MSJ - 1
(Case No. 3:22−cv−05186−BHS)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington  98104
+1 206 623 1700

## II. LEGAL STANDARD

As detailed in Defendants' Motion to Seal, there is a general presumption that the public will have access to judicial records and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption may be overcome where there are "compelling reasons" against disclosure, such as when the documents at issue are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The party seeking to shield documents from public view must show "compelling reasons" for doing so, and the court must balance the reasons the party articulates against the public interest in understanding the judicial process, the general preference for access and disclosure, and other policies favoring disclosure. *See, e.g., Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664 at *1 (W.D. Wash. Jan. 23, 2019) (citing *Kamakana*, 447 F.3d at 1178-79).)

## III. ARGUMENT

Plaintiff, not Defendants, seek to seal Exhibit 7, which is Martin Muendel's lab notebook. In their Motion to Seal, Defendants deferred to Plaintiff to establish its basis for maintaining the exhibit under seal given Plaintiff's burden to show "compelling reasons" against disclosure. *See* Dkt. 146. In response, Plaintiff asserted that "Exhibit 7 contains commercially sensitive technical information concerning JDSU's development of numerous proprietary technologies, including both the adjustable beam innovations at issue in this case and numerous other innovations unrelated to this case." Dkt. 160 at 4. Plaintiff further confirmed that "Lumentum does not distribute or otherwise make available the Notebook, or reproductions of its content, to anyone outside Lumentum other than its counsel on a need-to-know basis and with the understanding that such information will not be shared or disclosed outside of Lumentum. *Id*. Disclosure of the information

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
CERTAIN DOCUMENTS OF THEIR MSJ - 2
(Case No. 3:22−cv−05186−BHS)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

contained in Exhibit 7 could harm Lumentum's competitive standing, as the information could be used by others in the industry to learn details regarding Lumentum's innovations, including numerous innovations unrelated to this case." *Id*.

Defendants do not challenge Plaintiff's characterization of Exhibit 7 or its concerns regarding public disclosure.

The parties agree that the paragraph currently redacted in Defendants' Motion for Summary Judgment Reply, Dkt. No. 148 at 11, may be unsealed "as that paragraph only provides either high-level descriptions regarding Exhibit 7 or summary descriptions that do not implicate [Plaintiff's] concerns." Dkt. 160 at 5.

### IV.   CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court order that Exhibit 7 to the Felder Declaration remain under seal and the redacted paragraph on page 11 in Defendants' Motion for Summary Judgment Reply be unsealed.

I certify that this memorandum contains 552 words, in compliance with the Local Civil Rules.

Dated this 30th day of September 2024.

By: *s/ Elisabeth Read*
Tyler L. Farmer, WSBA # 39912
Elisabeth Read, WSBA # 59762
Bryan Cave Leighton Paisner LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel: (206) 623-1700
Email:    *Tyler.Farmer@bclplaw.com*
*Elisabeth.Read@bclplaw.com*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL CERTAIN DOCUMENTS OF THEIR MSJ - 3
(Case No. 3:22−cv−05186−BHS)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

|   |   |
|---|---|
| 1 | Scott A. Felder (*Pro Hac Vice*) |
| 2 | Wesley E. Weeks (*Pro Hac Vice*) |
|   | Lisa M. Rechden (*Pro Hac Vice*) |
| 3 | WILEY REIN LLP |
|   | 2050 M Street NW |
| 4 | Washington, DC 20036 |
|   | Tel: (202) 719-7000 |

Email: *sfelder@wiley.law*
   *wweeks@wiley.law*
   *lrechden@wiley.law*

*Attorneys for Defendants*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
CERTAIN DOCUMENTS OF THEIR MSJ - 4
(Case No. 3:22−cv−05186−BHS)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on September 30, 2024, copies of the foregoing were caused to be served upon the following in the manner indicated:

*Attorneys for Plaintiff Lumentum Operations LLC*
*VIA ELECTRONIC MAIL*

FAEGRE DRINKER BIDDLE & REATH LLP

Joel D. Sayres
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500 Joel.Sayres@FaegreDrinker.com

David J.F. Gross
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700 David.Gross@FaegreDrinker.com

Braden M. Katterheinrich
Johnathon E. Webb
Doowon R. Chung
2200 Wells Fargo Center
90 S. 7th Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 766-7000 Braden.Katterheinrich@FaegreDrinker.com
Johnathon.Webb@FaegreDrinker.com Doowon.Chung@FaegreDrinker.com

Zachary D. Wawrzyniakowski
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Zachary.Wawrzyniakowski@FaegreDrinker.com

CORR|DOWNS PLLC
Joseph P. Corr, WSBA No. 36584
100 W Harrison St, Suite N440
Seattle, WA 98119
Telephone: 206.962.5040
ghoog@corrdowns.com

DATED this 30th day of September 2024.

                                 *s/ Shawn Williams*
                                 Shawn Williams

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL CERTAIN DOCUMENTS OF THEIR MSJ - 5
(Case No. 3:22−cv−05186−BHS)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700