THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUMENTUM OPERATIONS LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NLIGHT, INC.; DAHV KLINER; and ROGER L. FARROW,<br><br>　　　　　Defendants. | Case No. 3:22–cv–05186–BHS<br><br>DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS<br><br>**NOTED FOR CONSIDERATION:**<br>January 23, 2025 |

## I.   INTRODUCTION

On December 11, 2024, the Court granted nLIGHT, Inc. ("nLIGHT"), Dahv Kliner ("Kliner"), and Roger L. Farrow's ("Farrow") (collectively, "Defendants") Motion for Summary Judgment. Dkt. 164. The Court entered judgment in Defendants' favor that same day. Dkt. 165.

Defendants, through counsel, move this Court for an order awarding their taxable costs as the prevailing parties in this action, pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d), Local Civil Rule ("LCR") 54(d)(3), and 28 U.S.C. §§ 1821 and 1920.

Defendants' taxable costs total **$121,881.94**, as described more fully below and in the Declaration of Scott A. Felder ("Felder Decl.") and accompanying invoices and documents filed herewith.

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 1

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

## II. STATEMENT OF FACTS

Plaintiff Lumentum Operations LLC ("Lumentum" or "Plaintiff") filed its Complaint on March 25, 2022. Dkt. 1. Plaintiff sought relief for the "unlawful taking, use, and disclosure" of alleged proprietary information, asserting claims for (I) correction of inventorship under 35 U.S.C. § 256; (II) declaration of patent ownership; and (III–IV) breach of contract. *Id.*

Defendants filed a Motion to Dismiss. Dkt. 17; *see also* Dkts. 22, 23. The Court granted Defendants' Motion to Dismiss in part, dismissing Plaintiff's breach of contract claims (Counts III and IV) without prejudice and allowing Plaintiff to amend its Complaint to plead California's delayed discovery rule. Dkt. 30 (Order).

Plaintiff filed its Amended Complaint on January 1, 2023. Dkt. 32. Defendants filed a Motion to Dismiss the Amended Complaint on February 10, 2023. Dkt. 36; *see also* Dkts. 37, 38. The Court granted Defendants' Motion to Dismiss in part and denied it in part. Dkt. 40 (Order). As a result, Count I (Correction of Inventorship), Count II (Declaration of Patent Ownership), and Count XXXIV (Breach of Contract – Disclosure of Proprietary Information) of Plaintiff's Amended Complaint remained pending; all other Breach of Contract claims (Counts III-XXXIII) were dismissed with prejudice.

The parties engaged in significant discovery spanning 15 months on Plaintiff's remaining claims. Collectively, the parties took 18 depositions.[1] In response to Plaintiff's discovery requests, Defendants produced nearly 3,000 documents totaling 77,617 pages. Felder Decl. ¶ 15. Comparatively, Plaintiff produced just over 600 documents, totaling 99,103 pages. *Id.*

On July 30, 2024, Plaintiff and Defendants filed motions for summary judgment. Dkts. 112, 113. On December 11, 2024, the Court granted Defendants' motion for summary judgment in its entirety and denied Lumentum's motion for summary judgment, dismissing Lumentum's claims with prejudice. Dkt. 164. The Court entered judgment on the same day. Dkt. 165.

---

[1] There were 16 deponents, and Martin Muendel and Dahv Kliner were deposed both in their personal capacities and as FRCP 30(b)(6) corporate representatives.

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 2

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

### III. LEGAL AUTHORITY

**A.  Standard of Recovery for Costs**

FRCP 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The rule "creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." *Russian River Watershed Protection Committee v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

LCR 54(d)(3) and 28 U.S.C. § 1920 set forth the costs that are taxable. LCR 54(d)(3) provides that, "[i]n taxing costs, the following rules shall be observed:

> (A) The attendance, travel, and subsistence fees of witnesses, for actual and proper attendance, shall be allowed in accordance with 28 U.S.C. § 1821, whether such attendance was procured by subpoena or was voluntary;
>
> (B) Reasonable premiums paid on undertakings or bonds or security stipulations shall be allowed where the same have been furnished by reason of express requirement of law, rule, or court order;
>
> (C) Expenditures incident to the litigation which were ordered by the court as essential to a proper consideration of the case shall be allowed; [and]
>
> (D) All other costs shall be taxed in accordance with 28 U.S.C. §§ 1920, 1921, 1923, 1927, and 2412."

*Id.*

28 U.S.C. § 1920, in turn, provides that, "[a] judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 3

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

1    (5) Docket fees under section 1923 of this title; [and]

2    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

*Id*.

Defendants have prevailed in full in this action and are entitled to recover all of the costs they incurred that fall within these categories.

**B.    Defendants are Entitled to Recover their Taxable Costs**

**1.    Deposition Costs**

Section 1920(2) expressly authorizes the prevailing party to recover the expense of deposition transcripts. This includes the costs of deposition transcripts, copies, and attendant costs charged by court reporters, such as appearance fees, exhibits, and delivery costs. *E.g.*, *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998); *Alflex Corp. v. Underwriters Labs.*, 914 F.2d at 177 (9th Cir. 1990); *Lahrichi v. Lumera Corp.*, No. C04-2124, 2007 WL 1521222, *8 (W.D. Wash. May 22, 2007) (Coughenour, J.). It also includes costs associated with video depositions. *See, e.g.*, *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997) (holding that both the video and the written transcript may be taxed where they are both "necessarily obtained for use in the case"); *Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *Nicolaus v. West Side Transport, Inc.*, 185 F.R.D. 608, 612 n.2 (D. Nev. 1999) ("the costs of videotaping and transcribing a deposition are taxable").

The depositions need not actually be used at trial for their costs to be recoverable. *See Alflex*, 914 F.2d at 177 (awarding deposition costs where case was resolved on summary judgment). The moving party need only establish that, at the time the depositions occurred, it was reasonable to believe that the depositions would be used in pretrial motions, at trial, or in preparing for trial. *See Alflex*, 914 F.2d at 177; *Bichindaritz v. Univ. of Wash.*, No. C10-1371, 2012 WL 3079092, *2 (W.D. Wash. July 27, 2012) (Lasnik, J.) ("At the time the depositions were taken and the transcripts obtained, it was reasonable to believe the transcripts would be used in the case."). Depositions of

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 4

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

witnesses identified by the parties as potential trial witnesses are generally considered reasonably necessary. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 366–64 (8th Cir. 1997).

Defendants spent **$77,080.65** to obtain necessary deposition transcripts and videos. Felder Decl. ¶ 5; Ex. C. When Defendants purchased the transcripts and videos, they reasonably believed that the transcripts and videos were necessary to litigate the case, and likely would be used in support of dispositive motions and/or at trial. *Id*.

In fact, the parties relied on many of these depositions in support of their respective dispositive motions. For instance, excerpts from thirteen depositions are cited in Defendants' summary judgment briefing.[2] Dkts. 112, 113, 139, 143, 150 (filed under seal), and 154. Further, every deponent was identified as at least a potential trial witnesses. Felder Decl. ¶ 7. Thus, had the Court not granted Defendants' motion for summary judgment, it would have been imperative for each witness and counsel to review and be familiar with their deposition transcript in preparing for trial. Similarly, in its pretrial statement, Lumentum reserved the right to utilize the deposition testimony of every deponent.

The following deposition costs that Defendants incurred are therefore reimbursable under Section 1920(2):

| Deponent | Amount |
|---|---:|
| Jake Bell | $1,519.70 |
| Aaron Brown | $1,390.35 |
| Chelsea Cullum | $4,392.84 |
| Liang Dong | $8,061.70 |
| Peter Dragic | $5,606.20 |
| Roger Farrow | $3,681.35 |
| Richard Faulhaber | $7,576.67 |
| Donald Gorowsky | $3,021.78 |

---

[2] At least one party relied upon the deposition testimony of the following witnesses during summary judgment briefing: Chelsea Cullum, Liang Dong, Peter Dragic, Roger Farrow, Richard Faulhaber, Donald Gorowsky, Wolfgang Gries, Scott Karlsen, Dahv Kliner (personal and corporate), James Morehead, Martin Muendel (personal and corporate).

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 5

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

| | |
|---|---:|
| Wolfgang Gries | $5,197.35 |
| Ken Gross | $2,793.55 |
| Thomas Ho | $4,638.50 |
| Scott Karlsen | $1,914.80 |
| Dahv Kliner (Day 1) | $3,429.20 |
| Dahv Kliner (Day 2) | $2,395.85 |
| Robert Martinsen | $1,792.20 |
| James Morehead | $2,785.25 |
| Martin Muendel (Day 1) | $7,798.26 |
| Martin Muendel (Day 2, Part 1) | $1,606.39 |
| Martin Muendel (Day 2, Part 2) | $7,478.71 |
| **Total** | **$77,080.65** |

*Id.*, Ex. C.

### 2. Witness Fees

LCR 54(d)(3)(A) provides that witnesses' attendance and travel costs "shall be allowed in accordance with 28 U.S.C. § 1821, whether such attendance was procured by subpoena or was voluntary." Section 1821 allows for the prevailing party to recoup statutory witness fees, mileage, and parking fees paid to witnesses in connection with their attendance at depositions. *Id.*

Defendants incurred the following witness fees in connection with witnesses' depositions in this action.

| Witness | Amount | Attendance (Days) |
|---|---:|---:|
| Aaron Brown | $40.00 | 1 |
| Roger Farrow | $40.00 | 1 |
| Ken Gross | $40.00 | 1 |
| Scott Karlsen | $40.00 | 1 |
| Dahv Kliner | $80.00 | 2 |
| Robert Martinsen | $40.00 | 1 |
| **Total** | **$280.00** | |

Felder Decl. ¶ 8.

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 6

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

FRCP 26(b)(4)(E)(i) requires that a party pay an expert witness a "reasonable fee for time spent responding to discovery." Defendants therefore seek recovery of **$8,637.50** for the depositions of Chelsea Cullum and Peter Dragic. Felder Decl. ¶ 9, Ex. D. This amount includes only charges for time spent on the day of each expert's deposition; charges for time spent preparing for the deposition and any internal communications with counsel are omitted. *Id.*

| Expert Witness | Amount |
|---|---:|
| Chelsea Cullum | $4,250.00 |
| Peter Dragic | $4,387.50 |
| **Total** | **$8,637.50** |

*Id.*

Defendants are entitled to reimbursement of these costs.

### 3. Copying Costs

Section 1920 specifically provides for the recovery of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The phrase "necessarily obtained for use in the case" includes more than copying costs for documents actually made part of the trial record. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F. 2d 587, 588 (9th Cir. 1990) ("Section 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost."). Reimbursable costs include costs expended for copying potential exhibits to pre-trial motions, for deposition preparation and exhibits, for preparing trial exhibits, and in connection with discovery. *See, e.g.*, *id.* (permitting recovery of copied made for discovery purposes); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997).

The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess*

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 7

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

1  *& Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). It need "only
2  provide the best breakdown obtainable from retained records." *Id.*

3   Defendants seek reimbursement of **$3,077.55** for costs incurred for printed copies that were
4  "necessarily obtained for use in the case." Felder Decl. ¶ 11. Defendants have submitted supporting
5  documentation for these copying costs, which include expenses incurred for the cost of copying
6  documents used in connection with depositions. *Id*. ¶¶ 11–13, Ex. E. Defendants are entitled to
7  recover the costs incurred in making these copies.

8   Electronic discovery costs that were incurred in connection with the production of
9  documents to an opposing party are also recoverable under 28 U.S.C. § 1920(4). In *In re Ricoh Co.*
10 *Patent Litig.*, the court held:

> The act of producing documents is not so narrowly construed as to cover only printing and Bates-labeling a document. See Black's Law Dictionary 1328 (9th ed. 2009) (defining "produce" as "[t]o provide (a document, witness, etc.) in response to subpoena or discovery request"). In the era of electronic discovery, courts have held that electronic production of documents can constitute "exemplification" or "making copies" under section 1920(4). *See, e.g.*, *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) ("[E]lectronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'"). Notably, in 2008, Congress amended section 1920(4) by replacing the phrase "copies of papers" with "making copies of any materials," Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 6, 122 Stat. 4291, 4292 (emphasis added), to reflect the idea that "electronically produced information [is] [re]coverable in court costs," 154 Cong. Rec. H10270, H10271 (daily ed. Sept. 27, 2008) (statement of Rep. Zoe Lofgren). Thus, the costs of producing a document electronically can be recoverable under section 1920(4).

20 661 F.3d 1361, 1365 (Fed. Cir. 2011).

22  In *Jardin v. DATAllegro, Inc.*, No. 08-cv-1462, 2011 WL 4835742 (S.D. Cal. Oct. 12, 2011),
23 the court recognized that "where the circumstances of a particular case necessitate converting e-data
24 from various native formats to the .TIFF or another format accessible to all parties, costs stemming
25 from the process of that conversion are taxable exemplification costs under 28 U.S.C. §1920(4)."
26 *Id.* at 6. The court also permitted the prevailing party to recover fees for "project management" by
27 the e-discovery vendor. *Id.* at *8–9. The court explained that when "a third-party technician is

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 8

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

engaged to perform duties limited to technical issues related to the physical production of information, related costs are recoverable under § 1920." *Id.* at *8.

Defendants retained Intelligent Discovery Solutions, Inc. ("Intelligent Discovery") to assist with the collection of documents and images and Relativity as its e-Discovery vendor in this action. Felder Decl. ¶ 14–15. Intelligent Discovery assisted with facilitating the collection of electronic documents and Relativity aided in the review and production of documents in response to Plaintiff's discovery requests.

Both Intelligent Discovery and Relativity received electronic data from Defendants containing electronic documents that Defendants provided by reason of Plaintiff's discovery requests. *Id*. This data was loaded into Relativity's electronic database, where processing occurred so it could be reviewed by Defendants' counsel for responsiveness and privilege and then produced to Plaintiff in a format that was readable. This processing included, but was not limited to, formatting the document in the format that the parties had agreed to use, Bates numbering the documents, conducting other necessary processing tasks, and delivering the documents to Plaintiff. *Id.* In total, this processing led to the production by Defendants of nearly 3,000 documents, totaling 77,617 pages, to Plaintiff in this action. *Id.*

Defendants do not seek to recover costs associated with time spent by counsel reviewing the documents before their production. *Id.*

Defendants paid **$32,081.24** in total to Relativity and Intelligent Discovery for production and e-Discovery related costs, *id.*, Ex. F, in connection with facilitating and managing the document production.

| Vendor | Amount |
|---|---:|
| Intelligent Discovery | $6,092.58 |
| Relativity | $ 25,988.66 |
| **Total** | **$32,081.24** |

*Id.*

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 9

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

**4. Docket and Filing Fees**

Under 28 U.S.C. § 1920(1), Defendants are entitled to recover filing fees paid to the Court. Defendants incurred **$725.00** in fees associated with the filing of *pro hac vice* applications. Felder Decl. ¶ 16, Ex. G.

### IV. CONCLUSION

For the reasons stated above and supporting documentation herewith, Defendants respectfully request that the Court award them all of the costs to which they are entitled under FRCP 54(d), LCR 54(d)(3), and 28 U.S.C. §§ 1821 and 1920, in the amount set forth:

| | |
|---|---|
| Deposition Costs | $77,080.65 |
| Witness Fees | $8,917.50 |
| Copying Costs | $3,077.55 |
| e-Discovery and Production | $32,081.24 |
| Docket and Filing Fees | $725.00 |
| **Total** | **$121,881.94** |

I certify this memorandum contains 2,573 words, in compliance with the Local Civil Rules.

DATED this 2nd day of January, 2025

By  s/ *Elisabeth Read*
Tyler L. Farmer, WSBA # 39912
Elisabeth Read, WSBA # 59762
Bryan Cave Leighton Paisner LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel: (206) 623-1700
Email: *Tyler.Farmer@bclplaw.com*
*Elisabeth.Read@bclplaw.com*

Scott A. Felder (*Pro Hac Vice*)
Wesley E. Weeks (*Pro Hac Vice*)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
Email: *sfelder@wiley.law*
*wweeks@wiley.law*

*Attorneys for Defendants*

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 10

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on January 2, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

*Attorneys for Plaintiff Lumentum Operations LLC*
*VIA ELECTRONIC MAIL*

FAEGRE DRINKER BIDDLE & REATH LLP

Joel D. Sayres
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500 Joel.Sayres@FaegreDrinker.com

David J.F. Gross
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700 David.Gross@FaegreDrinker.com

Braden M. Katterheinrich
Johnathon E. Webb
Doowon R. Chung
2200 Wells Fargo Center
90 S. 7th Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 766-7000 Braden.Katterheinrich@FaegreDrinker.com
Johnathon.Webb@FaegreDrinker.com Doowon.Chung@FaegreDrinker.com

Zachary D. Wawrzyniakowski
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Zachary.Wawrzyniakowski@FaegreDrinker.com

CORR|DOWNS PLLC
Joseph P. Corr, WSBA No. 36584
100 W Harrison St, Suite N440
Seattle, WA 98119
Telephone: 206.962.5040
ghoog@corrdowns.com

DATED this 2nd day of January, 2025.

          s/ *Shawn Williams*
          Shawn Williams

DEFENDANTS NLIGHT, INC., DAHV KLINER, AND ROGER L. FARROW'S MOTION FOR COSTS (CASE NO. 3:22−CV−05186−BHS) - 11

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
999 Third Avenue Suite 4400
Seattle, Washington 98104
+1 206 623 1700